E-FILED
Tuesday, 02 November, 2021  03:50:23 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| NECA-IBEW WELFARE TRUST FUND | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. |
| | ) | |
| | ) | |
| E-TECH ELECTRIC, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COME the Plaintiff, NECA-IBEW WELFARE TRUST FUND, by and through its attorneys, Cavanagh & O'Hara LLP, complaining of the Defendant, E-TECH ELECTRIC, INC. and allege as follows:

### Count I

### NECA-IBEW WELFARE TRUST FUND

### AUDIT LIABILITY

1.     This is a civil action under the Employee Retirement Income Security Act of 1974, as amended from time to time and codified at 29 U.S.C. §1001 *et seq.* ("ERISA"), and the Labor Management Relations Act of 1947, as amended from time to time and codified at 29 U.S.C. §141 *et seq.* ("LMRA").

2.     Plaintiff, NECA-IBEW Welfare Trust Fund, is an employee benefit fund maintained in accordance with the provisions of ERISA and the LMRA, and administered pursuant to the terms and provisions of an Agreement and Declaration of Trust, as amended and restated (the "trust agreement").

3.     A copy of the trust agreement is attached hereto as Exhibit "1", and fully

incorporated herein and made a part hereof by this reference.

4.     Federal District Courts have exclusive jurisdiction under ERISA over civil actions like the present action.  (*See* 29 U.S.C. §1132).

5.     Venue for civil actions like the present action is proper in a federal District Court where the breach took place, where a defendant resides or may be found, or where the plan is administered.  (*See* §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2)).

6.     Plaintiff, NECA-IBEW Welfare Trust Fund's plan is administered in Macon County, Illinois at the address of 2120 Hubbard Avenue, Decatur, Illinois 62526-2871, which is located within the venue of the District Court for the Central District of Illinois.

7.     The NECA-IBEW Welfare Trust Fund receives contributions from numerous employers, and therefore, is a multiemployer plan. (*See* 29 U.S.C. §1002).

8.     Plaintiff provides retirement and other benefits to the employees of participating employers who pay fringe benefit contributions to the Plaintiff on behalf of their employees.

9.     The Defendant, E-TECH ELECTRIC, INC.. is an "Employer" engaged in an industry within the meaning of 29 U.S.C. §§1002 (5), (11), (12) and (14).

10.    The business address for Defendant is Miami, Flordia.

11.    Defendant employs individuals who perform bargaining unit work for which fringe benefit contributions are owed under the provisions of a collective bargaining agreement to which Defendant is a party or otherwise bound (the "collective bargaining agreement").

12.    The collective bargaining agreement binds the Defendant to the provisions of the Plaintiff's trust agreement.

13.    Pursuant to the collective bargaining agreement and the trust agreement, the Defendant is required to report hours worked by its employees and make prompt payment of the

contributions owed to the Plaintiff.

14.     Pursuant §1145 of ERISA, the Defendant is required to pay contributions to the Plaintiff in accordance with the terms and conditions of Plaintiff's trust agreement and to pay liquidated damages in the event said contributions are not timely made.  (See 29 U.S.C. §1145).

15.     Pursuant to the Trust Agreement and Collective Bargaining Agreement, Plaintiff is entitled to review Defendant's payroll records to ascertain whether the Employer is properly reporting and remitting fringe benefit contributions.

16.     Plaintiff retained the services of the certified public accounting firm of Kerber, Eck & Braeckel "KEB" to perform a payroll examination on the Defendant's payroll records for the time of April 1, 2013 through October 31, 2016.

17.     Defendant employed individuals during the time of April 1, 2013 through October 31, 2016 who performed work under the collective bargaining agreement for which contributions are owed to Plaintiff.

18.     Defendant failed to timely remit the contributions owed to Plaintiff for the months of April 1, 2013 through October 31, 2016 in the amount of $9,337.71. See, a copy of the audit report attached hereto as Exhibit 2.

19.     Pursuant to the applicable provisions of ERISA, and the terms of the Plaintiff's trust agreement, Defendant owes interest on delinquent contributions and, additionally, liquidated damages equal to $50.00 per month for each month of delinquency, or fraction thereof.

20.     Defendant has refused to pay the liquidated damages and interest for the time period of January 1, 2015 through August 31, 2017 in the amount of $2,069.53.

21.     Pursuant to the terms of the Trust Agreement, Defendant is liable for audit costs when delinquent contributions are identified.

22.     Defendant owes Plaintiff audit costs in the amount of $2,222.00.

23.     Pursuant to the terms of the trust agreement, the Defendant is liable for reasonable attorneys' fees, court costs and all other reasonable expenses incurred by Plaintiff in the collection of delinquent contributions, liquidated damages, interest and other collection costs.

24.     Pursuant to §1132(g)(2) of ERISA, if judgment is entered in favor of Plaintiff in this matter, the Court shall award Plaintiff certain relief, including interest, liquidated damages or double interest, and attorneys' fees.  More specifically, §1132(g)(2) of ERISA provides as follows:

> (g)     Attorney's fees and costs; awards in actions involving delinquent contributions
>
> *          *          *
>
> **(2)**     In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
>
> **(A)**     the unpaid contributions,
>
> **(B)**     interest on the unpaid contributions,
>
> **(C)**     an amount equal to the greater of –
>
>> **(i)**     interest on the unpaid contributions, or
>>
>> **(ii)**     liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> **(D)**     reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> **(E)**     such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26.

(*See*, §1132(g)(2) of ERISA).

WHEREFORE, Plaintiff prays as follows:

A.     That judgment is entered in favor of Plaintiff, NECA-IBEW WELFARE TRUST FUND, and against E-TECH ELECTRIC, INC. for delinquent contributions, interest, liquidated damages and audit costs owed to Plaintiff for the time of April 1, 2013 through October 31, 2016 in the amount of $11,407.24.

B.     That E-TECH ELECTRIC, INC. is ordered to pay to Plaintiff its reasonable attorneys' fees and costs, as provided by Plaintiff's Trust Agreement and ERISA (29 U.S.C. Section 1132(g)(2));

C.     That E-TECH ELECTRIC, INC. is ordered to pay to the Plaintiff all of Plaintiff's costs attendant to these proceedings;

D.     That Plaintiff is awarded, at Defendants' cost, such further and other relief as may be available under ERISA, the collective bargaining agreement, the trust agreement or as is otherwise just and equitable.

Respectfully submitted,

NECA-IBEW WELFARE TRUST FUND, Plaintiff,

By: ____s/ Jacob A. Blickhan_____
       JACOB A. BLICKHAN
       CAVANAGH & O'HARA LLP
       Attorneys for Plaintiff
       2319 West Jefferson

Springfield, IL 62702
Telephone (217) 544-1771
Facsimile (217) 544-9894
jacobblickhan@cavanagh-ohara.com